```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

GERALD R. MILLER, TRUSTEE,        )
                                  )
          Plaintiff,              )
                                  )
v.                                ) No. CIV-09-96-FHS
                                  )
GORDON PIERCE and GRANT ATKINS,   )
                                  )
          Defendants.             )
```

**ORDER AND OPINION**

Defendant, Grant Atkins ("Atkins"), has filed a Motion for Summary Judgment (Doc. No. 22) seeking summary adjudication on the claims brought by Plaintiff, Gerald Miller, Bankruptcy Trustee ("Trustee") of the bankruptcy estates of Lexington Oil and Gas Ltd., Company ("Lexington Oil and Gas") and Oak Hills Drilling and Operating LLC ("Oak Hills"), for breach of fiduciary duty to the debtor corporations, civil conspiracy, and unjust enrichment. Atkins' motion is entitled a "Motion for Partial Summary Judgment." As Atkins acknowledges in his reply brief, however, the "Partial" designation was inadvertent and the requested summary adjudication by Atkins is as to all three claims pending against him.

Having moved for summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure, Atkins' initial burden is to show the absence of evidence to support the Trustee's claims. Celotex v. Catrett, 477 U.S. 317, 325 (1986). Atkins must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which establish the absence of any genuine issue of material fact. Universal Money Centers v. AT&T, 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S.Ct. 655 (1994) (quoting

1

Fed. R. Civ. P. 56(c)). Atkins need not negate the Trustee claims or disprove his evidence, but rather, Atkins' burden is to show that there is no evidence in the record to support the Trustee's claims. Celotex, 477 U.S. at 325. The Trustee, as the nonmoving party, must go beyond the pleadings and "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [he] carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

Summary judgment is not appropriate if there exists a genuine material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51 (1986). "A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the Trustee. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). This Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

The Trustee commenced this action on November 4, 2008, by filing an adversary complaint in the Bankruptcy Court alleging Atkins and co-defendant, Brent Pierce ("Pierce"), as officers, directors, and/or control persons of Lexington Oil and Gas and Oak Hills, used those debtor corporations as tools or pawns to conduct a "pump and dump" scheme involving Lexington Resources, Inc. ("Resources"), a non-debtor corporation and the parent company of

2

both Lexington Oil and Gas and Oak Hills.  On March 31, 2009, this Court entered an order withdrawing the reference to the Bankruptcy Court as to all but one of the claims in the adversary complaint.

The thrust of Atkins' motion for summary judgment is that the Trustee does not have standing to bring the claims arising out of the "pump and dump" scheme because such scheme involved the issuance of stock options or warrants by, and/or the transfer of stock in Resources, a non-debtor corporation.  In response, the Trustee contends Atkins has misconstrued his fundamental theory of recovery in this case.  The Trustee contends his claims related to the "pump and dump" scheme against Atkins do not involve any claim possessed by Resources, but rather, involve the fiduciary duty owed by Atkins and Pierce to Lexington Oil and Gas and Oak Hills arising out their relationship as control persons of these debtor entities.  Thus, the Trustee contends this Court should find that he has standing to bring the asserted claims against Atkins because Atkins breached the fiduciary duties he owed to Lexington Oil and Gas and Oak Hills by failing to preserve their assets and by dissipating their net worths - all to further the self-dealing Atkins and Pierce allegedly engaged in with respect to the "pump and dump" scheme.

This Court agrees with the Trustee to the extent he argues that Atkins has misconstrued his theory of recovery.  A finding that the Trustee has *alleged* a claim for breach of fiduciary against Atkins, in his role as a control person of Lexington Oil and Gas and Oak Hills, however, does not necessarily equate with a finding that the Trustee has standing to present such a claim.  The resolution of the standing issue turns on a determination of whether Atkins had a fiduciary relationship with either or both of the debtor corporations - a determination which cannot be made on

3

the record before this Court at this time. There are issues of fact outstanding with respect to the nature, scope, and parameters of Atkins' relationship with the debtor corporations. See Roberson v. PaineWebber, Inc., 998 P.2d 193, 198 (Okla.Civ.App. 1999)("A fiduciary relationship springs from an attitude of trust and confidence and is based on some form of agreement, either express or implied, from which it can be said the minds have been met to create a mutual obligation." (citing Lowrance v. Patton, 710 P.2d 108, 111-12 (Okla. 1985)). The documents submitted in connection with this motion present conflicting evidence. For example, there is evidence to suggest that Atkins was merely a consultant or manager of Lexington Oil and Gas and Oak Hills. See Atkins' Deposition, pp. 24-28 (attached as Exhibit 2 to the Trustee's Response in Opposition to Motion for Summary Judgment (Doc. No. 30)) and Atkins' Affidavit (attached to Atkins' Motion for Summary Judgment). On the other hand, there is evidence suggesting that Atkins was a control person with respect to at least one of the debtor entities, Lexington Oil and Gas. See Register of Members of Lexington Oil and Gas Co. (attached as Exhibit J of Exhibit 1 to the Trustee's Response in Opposition to Motion for Summary Judgment (Doc. No. 30). Thus, the record is unclear, and this Court is uncertain, as to the nature of Atkins' relationship with Lexington Oil and Gas and Oak Hills and, more importantly, whether that relationship attained the level of trust and confidence necessary to sustain a finding of a fiduciary relationship. Consequently, this Court finds there are genuine issues of fact precluding the entry of summary judgment in favor of Atkins on all claims asserted against him by the Trustee.

The Motion for Summary Judgment (Doc. No. 22) filed by Atkins is therefore denied.

It is so ordered this 27th day of August, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma